**COMP**
**PATRICK W. KANG, ESQ.**
State Bar No.: 010381
**KYLE R. TATUM, ESQ.**
State Bar No.: 013264
**KANG & ASSOCIATES, PLLC.**
6480 W. Spring Mountain Rd., Ste. 1
Las Vegas, Nevada 89146
P: 702.333.4223
F: 702.507.1468
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| GLADYS SANTOS, an individual, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| WYNN RESORTS LIMITED, a Nevada Corporation, d/b/a THE WYNN LAS VEGAS and DOES I-X and ROE CORPORATIONS I-X, inclusive, | ) ) ) ) | JURY TRIAL REQUESTED |
| Defendants. | ) ) ) | |

COMES NOW, Plaintiff, GLADYS SANTOS, by and through undersigned counsel, and complains, alleges and avers as follows:

**JURSIDICTION AND VENUE**

1. This is a civil complaint brought in United States District Court under Federal and State statutes prohibiting discrimination in order to secure protection and redress deprivation of rights under these laws.

2. Plaintiff's statutory claims arise under including but not limited to Title VII of the Civil Rights Acts of 1964 ("Title VII"), as amended, 42 U.S.C. Section 2000e-2 et seq. The jurisdiction of this Court is invoked under 28 U.S.C. s 1331.

-1-

3. This action also includes claims arising out of Nevada anti-discrimination statutes, N.R.S. Section 613.310 et seq., which are joined pursuant to the doctrine of supplemental jurisdiction and 28 U.S.C. Section 1367(a). Plaintiff asserts she was harassed, treated differently, subjected to hostile work environment, and wrongfully terminated and retaliated against due to her race and disability which is strictly prohibited by the Civil Rights Acts of 1964 ("Title VII") and The Americans with Disabilities Act of 1990 ("ADA").

4. Jurisdiction in this case is also proper pursuant to N.R.S. Section 14.065.

5. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6. As Plaintiff's employer, during the relevant time period, Defendant, THE WYNN ("The Wynn" or "Defendant") related business entities were operating within the County of Clark, State of Nevada; were engaged in an industry affecting commerce.

7. Plaintiff filed her Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") (hereto attached as **Exhibit 1**).

8. Plaintiff received a copy of her "Right to Sue" notice (for charge # 487-2013-00801) (hereto attached as **Exhibit 2**) dated August 4, 2014. In fulfillment of all jurisdictional requirements for the filing of this suit, including filing of this lawsuit within 90 days of her receipt of the August 4, 2014 Right to Sue notice.

9. Venue is proper in the District of Nevada pursuant to 28 U.S.C. Section 1391(b) because the claimed unlawful employment practices were committed in and arose in the District of Nevada.

…

…

…

-2-

## PARTIES

10. Plaintiff, GLADYS SANTOS, at all times relevant to this Complaint, is a resident of Clark County, Nevada and at all times herein was employed by the Defendant.

11. Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended. Defendant was engaged in an industry affecting commerce or in the production of goods for commerce. Defendant is licensed to do business in Clark County, Nevada, and the unlawful employment practices stated below were committed within the State of Nevada.

12. As an employer in Nevada, Defendant is required to comply with all state and federal statutes, which prohibit harassment, discrimination based on an individual's race and national origin.

13. DOE Defendants I through X, inclusive, and ROE CORPORATIONS, I through X, inclusive, are persons, corporations or business entities who are or which may also be responsible for or who directed or assisted in the wrongful actions of the named Defendants. The true identities of the DOE Defendants and ROE CORPORATIONS are unknown to Plaintiff at this time. Plaintiff therefore alleges that DOES I-X, inclusive, and ROE CORPORATIONS I-X, inclusive, may be responsible in part for damages or injuries suffered by Plaintiff as a result of their own wrongful actions and/or those of their agents and/or employees. Plaintiff will seek leave to amend this Complaint as soon as the true identities of DOE and ROE Defendants I-X, inclusive, are revealed to Plaintiff.

14. At all times relevant hereto, Plaintiff was employed by Defendant who operates in Clark County, Nevada.

## GENERAL ALLEGATIONS

15. In or around 2005, Plaintiff Gladys Santos ("Ms. Santos") began her employment with Defendant, The Wynn, as a Uniform Attendant.

16. Throughout her near decade long employment Ms. Santos, a woman of El Salvadorian national origin, proved herself to be a hard-working and dedicated employee for the Defendant.

17. Despite her hard-work and efforts, Ms. Santos was faced with challenges related to a disability that occurred from a workplace accident in 2009, after years of employment with the Defendant.

18. In 2009 Ms. Santos slipped and fell while working, causing documented injuries to her shoulder, back and hand.

19. Ms. Santos did her best to continue working in her normal job duties; however, pain and discomfort from the injuries caused her to seek a workplace accommodation in accordance with the Americans with Disabilities Act with her employer.

20. Ms. Santos made repeated requests for accommodation both with her supervisors at her place of employment, as well as with her workers Union.

21. After providing medical documentation for her condition, Ms. Santos was assured by the Defendant that they would work with her to make sure she was accommodated in the workplace.

22. Relying on these assurances from the Defendant, Ms. Santos returned to work.

23. At all times relevant, Ms. Santos was subjected to discriminatory and harassing conduct from her employer due to her disability; accommodations were refused and she was forced to sign papers modifying her medical release, or be terminated.

24. She attempted to comply with her workplace duties, despite her difficulty in completing her daily tasks and carrying out her job duties.

25. Throughout this time, Ms. Santos continued to request accommodations, even proposing an area of work in the Inventory Control department, where she felt she would be better suited to work based on her conditions.

26. When Ms. Santos made complaints, the Defendant, acting through supervisors would occasionally provide a brief, one day accommodation for her disability.

27. When Ms. Santos would return to her next shift, no other accommodation would be provided and Ms. Santos would be forced to fulfill her regular job duties and again make repeated requests for a more permanent solution.

28. Ms. Santos provided various written complaints to the Defendant, which specifically stated Ms. Santos' request to work light duty. In her complaints she advised that neither she, nor her doctor would have allowed her to return to work if the Defendant was unwilling to accommodate her.

29. The employer denied further requests and refused to engage in any other form of the good faith interactive process in violation of the Americans with Disabilities Act.

30. Additionally, Ms. Santos' supervisors and co-workers frequently made derogatory statements related to both Ms. Santos disability as well as her age.

31. Specifically, a manager named Shanna repeatedly told Ms. Santos that she was "too old" to work for the Defendant; she further stated that she wanted to "hire someone younger."

32. Ms. Santos made appropriate complaints with her employer in an effort to avoid further discrimination based on her age, despite her complaints, the conduct continued.

33. After repeated failure by the Defendant to supply a reasonable accommodation, Ms. Santos was forced to take a leave of absence in October 2013 in order to attempt to recover from her medical condition.

34. After a brief period Ms. Santos felt that due to the Defendant's failure to engage in the good faith interactive process, she had no choice but to give up her work, or face permanent injury.

35. In or around March of 2014, Ms. Santos was constructively terminated when she was forced to resign from her work with the Defendant.

36. Upon information and belief, Ms. Santos believes that she subjected to disparate treatment in the workplace, and accommodations were refused due to her El Salvadorian National Origin.

## FIRST CAUSE OF ACTION
### (DISABILITY DISCRIMINATION- ADA VIOLATION)

37. Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 36 as though fully set forth herein.

38. Defendants know or should have known of their obligation, pursuant to state and federal statutes, to maintain work places free of disability discrimination.

39. Defendant failed to take reasonably adequate steps to prevent and correct discrimination based on disability in its workplace in Nevada.

40. Ms. Santos has a qualified disability under the ADA because Ms. Santos has a physical impairment that substantially limits one or more of her major life activities.

41. Ms. Santos notified the Defendant of her condition prior to the termination of her employment in an effort to obtain a reasonable accommodation for the performance and completion of her major job duties.

42. Ms. Santos therefore requested to engage in the interactive process in an effort to come to a resolution regarding her disability, the repeated requests were ignored and denied by the Defendant.

43. Defendant subjected Ms. Santos to disparate treatment by refusing to engage in the interactive process, thereby singling out Ms. Santos because of her disability.

-6-


44. Defendant, acting through and with its employees, acted egregiously by subjecting Ms. Santos to an unsafe environment when they required her to work after she provided a physician's note indicating she should not be working at full capacity.

45. Defendant, acting through and with its employees, acted egregiously by forcing Ms. Santos into an ultimatum by requiring her to take on an increased workload or face termination.

46. Ms. Santos experienced and endured actual damages in an amount subject to proof at trial.

47. Defendant's actions are intentional and done with willful disregard for the well-established and well-known legal rights of Ms. Santos.

48. Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

## SECOND CAUSE OF ACTION
### (National Origin Discrimination)

49. Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 48 as though fully set forth herein.

49. Defendant knew or should have known if its obligation, pursuant to state and federal statutes, to maintain a workplace free of discrimination based on a person's national origin.

50. Defendant failed to take reasonably adequate steps to prevent discrimination based on national origin in its workplace in Nevada.

51. Defendant subjected Ms. Santos to disparate treatment by unfairly enforcing particular procedures and policies, thereby singling out Ms. Santos due to her El Salvadorian national origin.

KANG & ASSOCIATES, PLLC.
6480 W. Spring Mountain Rd., STE 1
LAS VEGAS, NV 89146

52. Defendant afforded similarly situated non-El Salvadorian co-workers of Ms. Santos rights and privileges that Defendant denied Ms. Santos.

53. Defendant, acting through and with its' employees, supervisors and managerial staff, discriminated illegally against Ms. Santos.

54. Ms. Santos charges that the Defendant discriminated against her based on her national origin in that she was subjected to intentional adverse disciplinary acts, procedures, and statements that were not directed to employees similarly situated of non-El Salvadorian ancestry.

55. Ms. Santos endured and sustained actual damages including severe loss of income, loss of training and advancement, grievous mental and emotional suffering, worry, fear, anguish, shock, nervousness, stress and anxiety in an amount subject to proof at trial.

56. Defendants' actions are intentional and done with willful disregard for the well-established and well-known legal rights of Ms. Santos.

57. Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

### THIRD CAUSE OF ACTION
### (RETALIATION 42 U.S.C.S. 4000E-3)

58. Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 57 as though fully set forth herein.

59. Federal law 42 U.S.C. section 2000e-3 specifically prohibits an employer from taking retaliatory action against an employee for attempting to invoke her rights under the Federal Discrimination Laws.

60. Ms. Santos expressed her concerns about the disparate treatment, the harassing conduct, unwarranted discipline, denial of accommodations and threatening statements that were made to her and not made to similarly situated non-disabled employees.

61. After receiving notice of Ms. Santos's complaints, Defendant, its' supervisors, its' agents and its' employees engaged in discriminatory and retaliatory conduct by refusing to address Ms. Santos's concerns and further subjecting her to the same harassing environment she had been exposed to prior to making the complaints.

62. Defendant additionally refused to assist or comply with Ms. Santos's request to engage in the interactive process with the Defendants. Subsequently, Ms. Santos was threatened with inferred discharge by her supervisor.

63. Defendant's actions were intentional and done with willful disregard for the well-established and well-known rights of Ms. Santos.

64. Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

### FOURTH CAUSE OF ACTION
### (DISCRIMINATION PURSUANT TO NRS 613.330, ET. AL)

65. Plaintiff repleads and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 64 above as if fully set forth herein.

66. The above discrimination and retaliatory actions by Defendant constitutes unlawful discriminatory employment practices under the Nevada Equal Employment Opportunity Act, NRS 613.310 et seq.

67. As a direct and proximate result of Defendant's discriminatory acts, Ms. Santos has suffered and shall continue to suffer monetary damages for the loss of income, loss of promotion, mental anguish and violation of her rights unless and until the Court grants relief.

68. Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

## FIFTH CAUSE OF ACTION
### (Public Policy Tort)

69. Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 68 as though fully set forth herein.

70. Defendant has engaged in discriminatory, retaliatory and wrongful acts based on Ms. Santos' disability and her attempt to protect her rights have seriously harmed Ms. Santos. These discriminatory acts based upon an employee invoking her rights against unlawful discrimination violate the public policy of Nevada, which has been in effect for many years.

71. Defendant like all Nevada employers and employees, have been placed on notice for many years that wrongful conduct which harms an employee could result in the Defendant being subject to damages pursuant to *Sands Regent v. Valgardson,* 777 P. 2d 898 (Nev. 1989).

72. As a result of Defendant's violation of Nevada's public policy against disability discrimination and retaliatory acts, Ms. Santos has been harmed and therefore is entitled to recover compensatory damages in an amount in excess of $50,000.00 subject to proof at trial.

73. Defendant's conduct, which violated the public policy of the state of Nevada, was outrageous and Ms. Santos is entitled to punitive and exemplary damages.

74. Plaintiff has had to engage the services of attorneys to represent him in this matter and is entitled to an award of reasonable attorney's fees.

…

…

-10-

## SIXTH CAUSE OF ACTION
### (Respondeat Superior)

75. Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 74 as though fully set forth herein.

76. As employer and supervisor of employees, Defendant is responsible for conduct of its employees during the course of their employment.

77. Defendant, vicariously through the supervisors and human resources department subjected Ms. Santos to disparate treatment during her employment with Defendant.

78. As a result of the Defendants' agents and employees' conduct and based upon the responsibility of Defendant, Ms. Santos has been damaged by Defendant and has suffered special, compensatory and punitive damages in an amount subject to proof at trial.

79. Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

## SEVENTH CAUSE OF ACTION
### (Negligent Hiring, Supervision, and/or Training of Employees)

80. Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 79 as though fully set forth herein.

81. Defendant should have known of the propensity of its supervisors to cause emotional and ultimately financial injury to employees and therefore had knowledge of their potentially harmful effect upon employees, particularly employees who are disabled.

82. Defendant should have been aware that its supervisors had created a situation which placed Ms. Santos in danger of having her rights violated. Because of this awareness, Defendant should have taken protective measures to stop its employee's illegal conduct toward Ms. Santos.

83. Defendant knew or should have known that the conduct of its agents and employees might result in a violation of employee's rights and Defendant failed to institute

-11-

sufficiently effective training programs, which might have identified the illegal conduct of its managerial staff and supervisors and prevented further recurrences.

84. As a result of each employees' and agents' conduct and based upon the responsibility of Defendant, Ms. Santos has suffered damages by Defendant and has suffered special, compensatory and punitive damages in an amount subject to proof at trial.

85. Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

## EIGHTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

86. Plaintiffs replead and reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 85 above as if fully set forth.

87. The aforementioned conduct of the Defendant was extreme and outrageous and performed with reckless disregard that such actions would cause severe physical and emotional harm to Ms. Santos, and did in fact cause such harm.

88. As a direct and proximate result of the Defendant's conduct, Ms. Santos has suffered damages and she is entitled to recover compensatory damages, exemplary damages and punitive damages related thereto.

89. As a further direct and proximate result of the Defendant's actions, it has been necessary for Plaintiff to retain the services of Kang & Associates, PLLC., duly licensed attorneys in the State of Nevada, to file this action and the Defendant should be required to pay attorney's fees to Plaintiffs thereof.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays as follows:

1. For a trial by jury on appropriate issues;

2. For all employment-related losses subject to proof;

3.	For a declaration that the acts and practices complained of herein are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S. C Section 2000e, et seq. and the Nevada Equal Employment Opportunity Act, NRS 633.310, et seq.;

4.	For compensatory damages in a sum or value in excess of $50,000.00, exclusive of interest and costs;

5.	For punitive damages against Defendant;

6.	For prejudgment interest;

7.	For reasonable attorney's fees and all costs incurred by Ms. Santos herein; and

8.	For such other and further relief as the Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands that all issues in this case be tried by a jury in accordance with the Seventh Amendment of the U.S. Constitution and Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully submitted this _10_ day of _____October__, 2014.

                                                        **KANG & ASSOCIATES, PLLC.**

                                                       ___/s/ Kyle Tatum_____
                                                       **PATRICK W. KANG, ESQ.**
                                                       State Bar No.: 010381
                                                     **KYLE R. TATUM, ESQ.**
                                                     State Bar No.: 013264
                                                     6480 W. Spring Mountain Rd., Ste. 1
                                                     Las Vegas, NV 89146
                                                     (702) 333.4223
                                                     *Attorneys for Plaintiff*

KANG & ASSOCIATES, PLLC.
6480 W. Spring Mountain Rd., STE 1
LAS VEGAS. NV 80146

# EXHIBIT 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA<br>[X] EEOC | 487-2012-01249 |

Nevada Equal Rights Commission and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Gladys Santos | (702) 576-5879 | 12-10-1965 |

Street Address: 841 Single Tree, Las Vegas, NV 89123

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| WYNN LAS VEGAS, LLC | 500 or More | |

Street Address: 3131 Las Vegas Blvd, South, Las Vegas, NV 89109

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [X] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest: 07-17-2012
[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I was hired by Respondent in 2005 as a Uniform Attendant. Respondent is aware of my disabilities and the medically-documented restrictions. I have not been accommodated by Respondent for my lifting, pull/push, standing and other restrictions. I have not been permitted to work in Inventory Control where my restrictions would be accommodated. Other employees are allowed to work in IC. Instead, I have not been allowed to return to work since July 17, 2012 because Respondent stated that there was no light duty or positions for me. I was told by Respondent that I had to have no restrictions to come back to work. I was told this by Sandra from the FMLA department and by my manager Shanna. Also, despite having higher seniority, I was given more difficult assignments such as working at the front counter or in the laundry, both of which violated my restrictions, whereas other individuals were permitted to work in IC. I was never accommodated by being allowed to stay and work in IC.

After I had requested accommodation due to my disabilities, I was forced to sign documents regarding my restrictions by Respondent. I was told to sign or I would be terminated. These documents increased the level of my restrictions without regard for my disability. For instance, my lifting requirement was increased from 10-25 lbs. to 15-30 lbs. Also, the times that I was required to push/pull were increased to 600 from 10. These not only violated my restrictions but I was forced to sign these documents.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Aug 30, 2012
*Date* / *Charging Party Signature*

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 487-2012-01249 |

Nevada Equal Rights Commission _____ and EEOC
*State or local Agency, if any*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

It should be noted that, although certain medical documents I submitted had an expiration of, for instance, 6 weeks, I then provided new and updated medical documents regarding my restrictions and disabilities to Respondent.

I was also subjected to age harassment because my manager Shanna would repeatedly state to me that I was "too old" to work for Respondent and that she wanted to "hire someone younger." This occurred numerous times. I complained about this age harassment to Employee Relations.

I believe that I was discriminated against and retaliated against in violation of the American with Disabilities Act of 1990, as amended. I believe that I was discriminated against because of my age, 46 (at the time), in violation of the Age Discrimination and Employment Act of 1967.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

**Aug 30, 2012**
Date            Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

# EXHIBIT 2

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Gladys Santos<br>841 Single Tree<br>Las Vegas, NV 89123 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite-8112<br>Las Vegas, NV 89101 |
|---|---|---|---|

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2012-01249 | Brian Gorecki,<br>Investigator | (702) 388-5099 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

- **NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*
Amy Burkholder,
Local Office Director

JUL 14 2014
*(Date Mailed)*

Enclosures(s)

cc:   Kamer Zucker Abbot
3000 West Charleston Blvd.
Suite 3
Las Vegas, 89102

LAW OFFICE OF RICHARD SEGERBLOM, LTD
700 South Third Street
Las Vegas, NV 89101

Enclosure with EEOC
Form 161 (11/09)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*